UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOANNA L. MILLER,

    Plaintiff,                                 Case No. 3:18-cv-336

vs.

COMMISSIONER OF SOCIAL SECURITY,     District Judge Walter H. Rice
                                                          Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 6),[2] and the record as a whole.

## I.

### A.     Procedural History

Plaintiff filed for SSI on November 17, 2014. PageID 38. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, post-traumatic stress disorder ("PTSD") and major depressive disorder. PageID 40.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Deborah F. Sanders on June 6, 2017. PageID 57-93. The ALJ issued a written decision on February 16, 2018 finding Plaintiff not disabled. PageID 38-51. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a full range of work with certain nonexertional limitations,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 44-50.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 28-32; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B. **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 38-51), Plaintiff's Statement of Errors (PageID 859-77), the Commissioner's memorandum in opposition (PageID 878-93), and Plaintiff's reply (PageID 894-903). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A. **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46

---

[3] Nonexertional limitations affect an individual's "ability to meet the demands jobs other than the strength demands…" 20 C.F.R. § 416.969(c)(1). Some examples of nonexertional limitations include difficulty functioning due to nervousness, anxiousness, or depression, difficulty maintaining attention or concentrating, and difficulty understanding or remembering detailed instructions. 20 C.F.R. § 416.969(c)(1)(i)-(iii).

(6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

3

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in: (1) evaluating the medical source opinions of record; and (2) making unreasonable and unsupported findings regarding her daily living activities. PageID 859-77. Finding error in the ALJ's weighing of the opinion of her treating psychiatrist Ellen Ballerene, M.D., the Court does not address Plaintiff's second alleged error and, instead, directs that these issues be addressed by the ALJ on remand.

With regard to medical source opinions, Plaintiff alleges error in the weighing of opinions offered by Dr. Ballerene as well as examining psychologist Giovanni Bonds, Ph.D., and record-reviewers, Karla Voyten, Ph.D.; Diane Manos, M.D.; Edward Czarnecki, Ph.D.; and Elaine Lewis, M.D. The ALJ's analysis of treater Dr. Ballerene's medical records is dispositive of this appeal. Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source

4

opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, treating psychiatrist Dr. Ballerene opined, on May 24, 2016, that Plaintiff has a number of "marked"[5] limitations in her ability to, *inter alia*, function socially; maintain regular attendance; be punctual within customary tolerances; work in the proximity of others without being distracted; complete a normal workday and workweek without interruptions from psychologically based symptoms; interact appropriately with the general public; and accept instructions and respond appropriately to criticism from supervisors. PageID 624-25. Ultimately, Dr. Ballerene concluded that Plaintiff would be absent three days a month or more as a result of her mental impairments or treatment for the same. PageID 624. Despite Dr. Ballerene's lengthy treatment relationship with Plaintiff, the ALJ was "unable to [give] controlling weight" to her opinion. PageID 49. The undersigned finds that, in reaching such conclusion, the ALJ erred.

First, the ALJ determined that the "Samaritan Behavioral Health records reflect mental status exams that are consistent with moderate symptoms and limitations." PageID 49. With regard to mental status findings, Plaintiff's treatment records note anxious mood, constricted affect, impaired memory, depressed mood, impaired concentration, mistrustful demeanor, and

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

6

avoidant eye contact. *See* PageID 344, 345, 346, 442, 466, 487, 519, 526, 539, 570, 577, 598, 611, 723, 745, 753, 761, 769, 784, 805, 825. The ALJ's conclusion in this regard appears to be her own interpretation of the medical data, which is prohibited. *See Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"); *see also Mabra v. Comm'r of Soc. Sec.*, No. 2:11-cv-407, 2012 U.S. Dist. LEXIS 118187, at *10 (S.D. Ohio Aug. 21, 2012) ("[T]he Court cannot ignore that the ALJ offered [her] own lay interpretation of the medical evidence in the face of more severe opinions from Plaintiff's treating physician"). Even assuming, *arguendo*, that the ALJ was permitted and competent to interpret the medical evidence, she fails to explain how any of these clinical findings do not support Dr. Ballerene's opinion. Accordingly, from the undersigned's perspective, the ALJ's conclusion in this regard is unsupported by substantial evidence.

Next, the ALJ asserts Dr. Ballerene's opinion is "somewhat internally inconsistent as [Dr. Ballerene] notes [Global Assessment of Functioning ("GAF")] scores of 50-52 in the moderate range, yet she notes both moderate and marked limitations." PageID 49. A GAF score cannot discredit a treater's assessment of limitations. *See Kenyon v. Comm'r of Soc. Sec.*, No. 3:15-cv-194, 2016 WL 3769333, at *5 (S.D. Ohio July 15, 2016). A GAF score is merely a "snapshot of a person's 'overall psychological functioning' at or near the time of evaluation[,]" and its relevance "is isolated to a relatively brief period of time[.]" *White v. Colvin*, No. 3:13-cv-171, 2014 WL 2813310, at *10 (S.D. Ohio June 23, 2014). In fact, courts have concluded that GAF scores have "little value in assessing disability." *Allen v. Comm'r of Soc. Sec.*, No. 2:09-cv-265, 2010 WL 1142031, at *10 (E.D. Va. Feb. 24, 2010) (citing *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x. 411, 415 (6th Cir. 2006); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)). Thus, any GAF assessment given by Dr. Ballerene would have minimal probative value in

7

determining Plaintiff's disability or in discrediting her specific opinion about Plaintiff's limitations. *See Mosley v. Comm'r of Soc. Sec.*, No. 3:14-cv-278, 2015 WL 6857852, at *5 (S.D. Ohio Sept. 14, 2015).

Finally, the undersigned notes that the ALJ, in weighing the opinions of the record reviewers, gave a conclusory reason for according those opinions "great weight," and provided little, if any, analysis of their opinions, which evidences the greater scrutiny given to Dr. Ballerene's treating opinion, in contravention of the regulations. PageID 48; *Marks v. Colvin*, 201 F. Supp. 3d 870, 884 (S.D. Ohio 2016) (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 380 (6th Cir. 2013) (holding that "the regulations do not allow the application of greater scrutiny to a treating-source opinion as a means to justify giving such an opinion little weight[,]" and "[i]ndeed, they call for just the opposite"))

In light of all the foregoing, the undersigned finds the ALJ's non-disability finding unsupported by substantial evidence and meriting reversal.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case be **CLOSED**.


Date:  1/17/2020                              /s/Michael J. Newman
                                              Michael J. Newman
                                              United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).